IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANALYTICAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHICK-FIL-A, INC.,<br><br>Defendant. | Civil Action No. 2:24-CV-00185-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CHICK-FIL-A INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Chick-fil-A, Inc. ("Chick-fil-A") files this Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement ("Complaint") filed by Analytical Technologies, LLC ("Plaintiff"). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Chick-fil-A denies any allegation, characterization, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

### [AS TO] NATURE OF THE ACTION

1.       Admitted that the Complaint purports to allege an action for infringement arising under 35 U.S.S. § 1, *et seq.*

2.       Chick-fil-A is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Chick-fil-A admits that it is incorporated under the laws of the state of Georgia with a principal place of business at 5200 Buffington Rd., Atlanta, GA. The remaining allegations in Paragraph 3 are otherwise denied.

## [AS TO] JURISDICTION

4. Chick-fil-A admits that the Complaint purports to bring an action under Title 35 of the United States Code, but denies that Chick-fil-A has committed any acts of infringement. Chick-fil-A does not contest that this Court has subject matter jurisdiction over these patent law claims, but denies that Plaintiff is entitled to any remedy.

5. Chick-fil-A does not contest personal jurisdiction as it relates to this matter and admits that it conducts business in this jurisdiction. The remaining allegations in Paragraph 5 are otherwise denied.

6. Denied.

7. Chick-fil-A admits that there are Chick-fil-A restaurant locations in this District. The remaining allegations in Paragraph 7 are denied.

8. Chick-fil-A admits that there are Chick-fil-A restaurant locations in this District. The remaining allegations in Paragraph 8 are denied.

9. Chick-fil-A admits that there are Chick-fil-A restaurant locations in this District. The remaining allegations in Paragraph 9 are denied.

10. Chick-fil-A admits that there are Chick-fil-A restaurant locations in this District. The remaining allegations in Paragraph 10 are denied.

11. Chick-fil-A admits that there are Chick-fil-A restaurant locations in this District. The remaining allegations in Paragraph 11 are denied.

## [AS TO] VENUE

12. Chick-fil-A admits that there are Chick-fil-A restaurant locations in this District. The remaining allegations in Paragraph 12 are otherwise denied.

## [AS TO] THE PATENT IN SUIT

13. Chick-fil-A admits that Exhibit A to the Complaint is the '083 Patent, which is entitled "SYSTEM AND METHOD FOR MANAGING RESTAURANT CUSTOMER DATA ELEMENTS," and indicates on its face that it issued on August 5, 2015. Chick-fil-A lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 13 and therefor denies the same.

14. Chick-fil-A admits the '083 Patent issued from U.S. Patent Application No. 13/534,195 and indicates on its face that it was filed June 27, 2012. Chick-fil-A lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 14 and therefor denies the same.

15. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 15 and therefor denies the same.

16. Denied.

17. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 17 and therefor denies the same.

18. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 18 and therefor denies the same.

19. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and therefor denies the same.

20. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 20 and therefor denies the same.

21. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 21 and therefor denies the same.

22. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 22 and therefor denies the same.

23. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 23 and therefor denies the same.

24. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 24 and therefor denies the same.

25. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 25 and therefor denies the same.

26. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 26 and therefor denies the same.

27. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 27 and therefor denies the same.

28. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 28 and therefor denies the same.

29. Chick-fil-a admits that Plaintiff quotes language from Claim 1 of the '083 Patent. Chick-fil-A otherwise denies the allegations and characterizations of Paragraph 29 and its heading.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

### [AS TO] DEFENDANT'S SYSTEM AND SERVICES

37. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 37 and therefor denies the same.

38. Admitted.

39. Chick-fil-A admits that it offers a mobile application. Chick-fil-A denies the remaining allegations in Paragraph 39.

40. Denied.

### [AS TO] FIRST CAUSE OF ACTION

41. Chick-fil-A hereby repeats its responses to the allegations contained in Paragraphs 1 to 40 as if fully set forth herein.

42. Paragraph 42 asserts a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in Paragraph 42 are denied.

43. Chick-fil-A lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 43 and therefor denies the same.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## [AS TO] SECOND CAUSE OF ACTION

49. Chick-fil-A hereby repeats its responses to the allegations contained in Paragraphs 1 to 48 as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## ANSWER TO PRAYER FOR RELIEF

Chick-fil-A denies the allegations contained in Plaintiff's Prayer for Relief, and Chick-fil-A further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in Paragraphs A through G of its Prayer for Relief. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Chick-fil-A does not and has not infringed, under any theory of infringement including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), either literally or under the doctrine of equivalents, any valid, enforceable claim of U.S. Patent No. 8,799,083 (the "'083 Patent") ("the Patent-in-Suit").

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the Patent-in-Suit are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## THIRD AFFIRMATIVE DEFENSE
### (Statutory Limit on Damages)

Plaintiff's claims for damages, equitable relief, and/or costs are statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the Patent-in-Suit.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Plaintiff's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Plaintiff is not entitled to enhanced or increased damages for willful infringement because Chick-fil-A has not engaged in any conduct that meets the applicable standard for willful infringement.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Chick-fil-A pursuant to 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE
### (Divided Infringement)

Claims of the Asserted Patent require actions by multiple parties in order to infringe the recited methods. Chick-fil-A does not perform, direct, or control every element of such claims.

## TENTH AFFIRMATIVE DEFENSE
### (Exhaustion)

Plaintiff's claims are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are covered by express or implied licenses to the Patent-in-Suit, and/or under the doctrine of patent exhaustion.

## COUNTERCLAIMS

Chick-fil-A, Inc. ("Chick-fil-A" or "Counterclaim-Plaintiff"), hereby files its Counterclaims against Analytical Technologies, LLC ("Plaintiff" or "Counterclaim-Defendant"), and states as follows:

## PARTIES

1. Chick-fil-A is a corporation organized under the laws of the State of Georgia having its principal place of business in Atlanta, Georgia.

2. Upon information and belief, Plaintiff is a limited liability company organized under the laws of the State of Wyoming, with its principal place of business in Cheyenne, Wyoming.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue in this District is appropriate over these Counterclaims because Plaintiff has consented to the propriety of venue in this District by filing its claims for patent infringement in this District, in response to which these Counterclaims are asserted.

## FIRST COUNTERCLAIM
## DECLARATION OF NON-INFRINGEMENT OF THE '083 PATENT

5. Based on Plaintiff's filing of this action and Chick-fil-A's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Chick-fil-A infringes U.S. Patent No. 8,799,083 (the "'083 Patent").

6. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Chick-fil-A requests a declaration by the Court that it does not infringe the '083 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY OF THE '083 PATENT

7. Based on Plaintiff's filing of this action and Chick-fil-A's Second Affirmative Defense, an actual controversy has arisen and exists between the parties as to the validity of the '083 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Chick-fil-A requests a declaration by the Court that the '083 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35,

including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## DEMAND FOR A JURY TRIAL

Chick-fil-A respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Chick-fil-A asks this Court to enter judgment in favor of Chick-fil-A and against Plaintiff by granting the following relief:

a)  a declaration that Chick-fil-A does not infringe, under any theory, the Patent-in-Suit;

b)  a declaration that the Patent-in-Suit is invalid;

c)  a declaration that Plaintiff takes nothing by its Complaint;

d)  judgment against Plaintiff and in favor of Chick-fil-A;

e)  dismissal of Plaintiff's Complaint with prejudice;

f)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Chick-fil-A of its costs and attorneys' fees incurred in this action; and

g)  any and all further relief as the Court may deem just and proper.

DATED: July 16, 2024                                   Respectfully submitted,

                                                                                  */s/ Robert L. Lee*
Robert L. Lee (GA Bar No. 443978)
Shaleen J. Patel (GA Bar No. 295554)
Carter E. Babaz  (GA Bar No. 577033)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: 404-881-7635
Facsimile: 404-881-7777
bob.lee@alston.com
shaleen.patel@alston.com
carter.babaz@alston.com

**Counsel for Defendant Chick-fil-A, Inc.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been served on July 16, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                       */s/ Robert L. Lee*
                                                       Robert L. Lee